# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-cv-00391-FDW-DCK

| | |
|---|---|
| JERRY LEE ROSS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) ORDER<br>) |
| TENNESSEE COMMERCIAL<br>WAREHOUSE, INC., et. al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendants' Partial Motion to Dismiss and Motion to Strike Plaintiff's Complaint pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 7) advising Plaintiff of his right to respond to Defendants' Motion to Dismiss and Motion to Strike on or before August 25, 2014. Plaintiff responded in a timely manner. (Doc. No. 8). For the reasons stated below, Defendants' Motions are GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff, who appears *pro se*, filed the instant Complaint in this Court on July 16, 2014 alleging numerous causes of action arising out of the termination of his employment with Defendant Tennessee Commercial Warehouse, Inc. ("TCW"). (Doc. No. 1 at 1). The Complaint lists eight defendants; however, as Defendants note in their Motion to Dismiss, only four of these

defendants have been served with the Complaint: TCW, Cynthia Cutler Moon ("Moon"), Ronnie Holland ("Holland"), and Scott George ("George").[1] (Id. at 1; Doc. No. 3, p. 1).

According to the Complaint, in July 2013, Plaintiff was employed by Defendant TCW as a truck driver. (Doc. No. 1, p. 2). Plaintiff alleges that as a result of his reports to TCW's safety director, Defendant Ronald Holland, he was assigned longer dispatch "runs" and was the victim of aggression by Defendants. Id. Plaintiff states that he reported this harassment and was later put on leave from work while Defendants conducted an investigation on him. Id. at 2-3. The Complaint further alleges that Plaintiff was dismissed from his job on August 15, 2013. Id. at 3. In response, Plaintiff filed a complaint with the North Carolina Labor Board, which forwarded his complaint to the Occupational Safety and Health Administration ("OSHA"). Id. OSHA then investigated and dismissed the complaint, id. at 3-4, and Plaintiff filed the present action on July 16, 2014.

On August 6, 2014, Defendants TCW, Moon, Holland, and George filed a Partial Motion to Dismiss and Partial Motion to Strike, requesting the Court to dismiss all claims except for Plaintiff's claims for wrongful discharge against Defendant TCW and Plaintiff's claims for negligence (including alleged harassment) and negligent misrepresentation against Defendants TCW, Moon, and Holland. (Doc. No. 4, p. 9). The Partial Motion to Strike requests the Court to strike specific provisions included in Plaintiff's Prayer for Relief. (Doc. No. 3, pp. 2-3).

## II. ANALYSIS

---

[1] The Court notes Plaintiff's claim that he mailed eight copies of the Complaint and Summons to TCW by certified mail. Doc. No. 8, ¶ 1. However, the Court brings to Plaintiff's attention Rule 4(i)(3) of the Federal Rules of Civil Procedure ("FRCP"), which provides the procedure by which an individual located in the United States may be served. The Court notes further that neither the North Carolina Rules of Civil Procedure nor the FRCP allow for service on an individual by mailing a copy of the Summons and Complaint to the defendant's employer. Accordingly, Plaintiff has not effectively served Defendants Derrick Ingram, Jimmy Manson, Tim Smith and "Rob (the regional supervisor)." Plaintiff is advised that these Defendants must be properly served within 120 days of the date of filing the Complaint, and failure to properly serve Defendants within this time period will result in the Complaint being dismissed without prejudice as to these Defendants. See Fed. R. Civ. P. 4(m).

2

"Although Plaintiff's Complaint is not entirely clear, due to [his] pro se status, it must be read generously." Keene v. Thompson, 232 F. Supp. 2d 574, 578 (M.D.N.C. 2002). In the Complaint, Plaintiff appears to assert numerous claims against some or all of Defendants, including wrongful termination, defamation of character and slander, violation of right to earn a fair wage, lost wages, negligence, gross negligence, negligent hiring, negligent misrepresentation, inadvertent negligence, hazardous negligence, professional negligence, legal negligence, ordinary negligence, abuse of authority, outrageous conduct, verbal abuse, mental abuse, malicious act, legal malpractice, Labor-Relations Act, Labor-Management Relations Act, Occupational Safety and Health Act of 1970, harassment, and whistle blowing retaliation. (Doc. No. 1, p. 1).

## A.  Motion to Dismiss

### 1. Standard of Review

"A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the 'legal sufficiency of the complaint' but 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Clark v. O'Rourke, 2011 WL 1400429, at *2, *adopted*, WL 1399803 (W.D.N.C. 2011) (quoting Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000)). In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 175, 180 (4th Cir. 2000).

"The standard for evaluating the sufficiency of the pleading in the instant case is particularly flexible because '[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Moody-Williams v. LipoScience, 953 F. Supp. 2d 677, 689 (E.D.N.C. 2013) (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)).

### 2. Negligence and Gross Negligence

As an initial matter, the Court will construe *pro se* Plaintiff's claim of "inadvertent negligence" as a claim for negligence. (Doc. No. 1, p. 1). Additionally, the Court construes Defendants' Motion to Dismiss to seek dismissal of Plaintiff's claim for gross negligence. (Doc. No. 4, p. 3). "Gross negligence requires a finding that the conduct is willful, wanton, or done with reckless indifference." Sawyer v. Food Lion, Inc., 144 N.C. App. 398, 403 (2001) (citing Yancey v. Lea, 139 N.C. App. 76, 79 (2000)). In order to state a claim for gross negligence, a plaintiff must allege "the elements of a gross negligence claim: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach was a proximate cause of the injury; (4) the plaintiff was injured as a result thereof and (5) the defendant's conduct was willful, wanton, or done with reckless indifference." Simpson v. Amylin Pharms., Inc., et al., No. 1:11-cv-301, 2012 WL 3240142, at *3 (W.D.N.C. Aug. 7, 2012) (citing Sawyer, 144 N.C. App. 398, 549 S.E.2d 867 (2001)). "Willful conduct is done with a deliberate purpose. Conduct

is willful when it is carried out with a wicked purpose or with reckless indifference. Thus, gross negligence encompasses conduct which lies somewhere between ordinary negligence and intentional conduct." Id. (quoting Sawyer, 549 S.E.2d at 879). The North Carolina courts have found that "the difference between negligence and gross negligence lies in the intentional or deliberate character of the actions of the defendant that are done purposefully and with the knowledge that the action is a breach of duty to plaintiff." Simpson v. Amylin Pharms., Inc., et al., No. 1:11-cv-301, 2012 WL 3240054, at *2 (W.D.N.C. April 9, 2012) (citing Yancy, 550 S.E.2d at 157).

Construing liberally the Complaint in the light most favorable to Plaintiff, Plaintiff appears to contend that Defendants owed him a duty to take action on Plaintiff's safety and harassment claims and a duty not to place inaccurate information on Plaintiff's DAC report. (Doc. No. 1, pp. 2-5). The Complaint appears to further allege that as a result of Defendant TCW's breach of these duties, Plaintiff was wrongfully terminated from his employment with TCW and has been prevented from securing other employment. See id. at pp. 4-5.

As a threshold matter, the action and injury forming the basis of Plaintiff's claim for gross negligence—the termination of his employment with TCW for wrongful reasons and the false reports placed on Plaintiff's DAC report—amount to intentional acts by Defendants. See id. at pp. 4-5. Additionally, a liberal reading of the Complaint finds facts sufficient to establish the other elements of a claim for gross negligence—duty, breach, causation, and damages. Therefore, the Court finds that the Complaint contains sufficient factual material, which, if true, support Plaintiff's claim for gross negligence. Accordingly, Defendants' Motion to Dismiss Plaintiff's claim for gross negligence is DENIED.

    3. **Negligent Hiring**

"To establish a claim for negligent hiring under North Carolina law, a plaintiff must show: (1) a specific tortious act by the employee; (2) the employee's incompetence or unfitness; (3) the employer's actual or constructive notice of the employee's incompetency or unfitness; and (4) injury resulting from the employee's incompetence or unfitness." Johnston v. Leith, Inc., No. 5:10-cv-547-FL, 2011 WL 1770434, at *6 (E.D.N.C. May 9, 2011) (citing E.E.O.C. v. TJX Companies, Inc., 2009 WL 159741, at *10 (E.D.N.C. 2009) (citing White v. Consol. Planning, Inc., 166 N.C. App. 283, 292, 603 S.E.2d 147, 154 (2004)); Medlin v. Bass, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990)). "The notice element requires that Plaintiff allege that [ ] Defendants knew or should have known about Defendant['s] [ ] dangerous propensities prior to hiring." Alexander v. Diversified Ace Services II, AJV, et al., No. 1:11-cv-725, 2014 WL 502496, at *18 (M.D.N.C. Feb. 7, 2014) (citing Medlin, 327 N.C. at 592, 398 S.E.2d at 463 (dismissing plaintiff's negligent hiring claim because the record was 'devoid of evidence that [employer defendants] knew or reasonably could have known of [employee defendant's] alleged pedophilic tendencies prior to the incident that is the subject of this lawsuit"); Stanley v. Brooks & RLK, Inc., 112 N.C. App. 609, 612, 436 S.E.2d 272, 274 (1993) (holding that the forecast of evidence failed to show that defendant employer knew or should have known of the employee's criminal history prior to the incident with plaintiff, where defendant employer had no actual or constructive knowledge of employee's criminal past and there was no evidence suggesting that defendant employer did not exercise due care in hiring the employee)).

Plaintiff has failed to allege any of the elements required to establish a claim for negligent hiring. Thus, Defendants' motion to dismiss Plaintiff's claim for negligent hiring is therefore GRANTED.

    **4. Harassment, Whistleblowing and Retaliation**

The Court agrees with Defendant that no independent causes of action exist under North Carolina law for Plaintiff's claims of harassment, whistleblowing and retaliation. (Doc. No. 4, p. 3). The Court will construe Defendant's Motion to request dismissal of these three causes of action. Accordingly, Defendants' motion to dismiss Plaintiff's claims of harassment, whistleblowing and retaliation is GRANTED.

### 5. Violation of Right to Earn Fair Wage, Abuse of Authority, Outrageous Conduct, Labor-Relations Act, Verbal Abuse, Mental Abuse and Malicious Act

To the extent that Plaintiff generally alleges claims for violation of the right to earn a fair wage, abuse of authority, outrageous conduct, Labor-Relations Act, verbal abuse, mental abuse, or malicious act, the Court finds that there is either no such legal claim or that Plaintiff fails to state a claim as to any of these actions. Therefore, Defendants' motion to dismiss these claims is GRANTED.

### 6. Occupational Safety and Health Act of 1970

Again, liberally construing *pro se* Plaintiff's Complaint, Plaintiff appears to assert a claim against TCW under the Occupational Safety and Health Act of 1970 by claiming that TCW placed a false statement on his DAC report. (Doc. No. 1, p. 5). In their Motion to Dismiss, Defendants correctly assert that the Occupational Safety and Health Act provides no private right of action. (Doc. No. 4, p. 4). Therefore, Defendants' motion to dismiss Plaintiff's claim under the Occupational Safety and Health Act of 1970 is GRANTED.

### 7. Labor-Management Relations Act

As to Plaintiff's Labor-Management Relations Act ("LMRA") claim, Plaintiff does not cite to any specific provision of the LMRA. Further, Plaintiff merely lists "labor-management relations act" amongst other alleged causes of action and provides no facts or specific allegations

7

sufficient to assert a cause of action under the LMRA. (Doc. No. 1, p. 5). Therefore, Defendants' motion to dismiss Plaintiff's claim under the LMRA is GRANTED.

### 8. Legal Negligence and Legal Malpractice

The Court construes Plaintiff's claim of "legal negligence" along with Plaintiff's claim of "legal malpractice." (Doc. No. 1, p.1). This Court has held that in order "to state a claim for malpractice, a plaintiff must allege that an attorney breached duties owed to his client and that this negligence proximately caused damage to the plaintiff." Ross v. Gordon & Weinberg, P.C., No. 3:09-cv-482, 2011 WL 3841549, at *5 (W.D.N.C. Aug. 30, 2011) (citing Wood v. Hollingsworth, 603 S.E.2d 388, 392 (N.C. App. 2004)). Plaintiff does not allege facts sufficient to show the existence of an attorney-client relationship with any Defendant giving rise to any duty to Plaintiff. Plaintiff therefore fails to state a claim against Defendants for legal malpractice. See Anderson v. Derrick, No. 1:06-cv-264, 2007 WL 1166041, at *4 (W.D.N.C. Apr. 12, 2007) (noting that under North Carolina law a claim for legal malpractice is only available to a client) (citing Fox v. Wilson, 354 S.E.2d 737, 742 (N.C. App. 1987)). Thus, Defendants' Motion to dismiss Plaintiff's claims for legal negligence and legal malpractice is GRANTED.

### 9. Defamation and Slander

"In North Carolina, the term defamation applies to the two distinct torts of libel and slander." Smith-Price v. Charter Behavioral Health Systems, 164 N.C. App. 349, 356, 595 S.E.2d 778, 783 (2004) (quoting Boyce & Isley, PLLC v. Cooper, 153 N.C. App. 25, 29, 568 S.E.2d 893, 898 (2002)). "[T]o state a claim for defamation, a plaintiff must allege that a defendant injured plaintiff by making false, defamatory statements about plaintiff, which were published to a third person." "Generally, to make out a *prima facie* case for defamation,

'plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation.'" Griffin v. Holden, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006) (quoting Smith-Price, 164 N.C. App. at 356, 595 S.E.2d at 783) (quoting Tyson v. L'Eggs Prods., Inc., 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987))). "Slander is defined as 'the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood." Id. (quoting Black's Law Dictionary, 1559 (4th ed. 1968)). "Defamatory words may be actionable per se, that is, in themselves, or they may be actionable per quod, that is, only upon allegation and proof of special damage." Badame v. Lampke, 242 N.C. 755, 756, 89 S.E.2d 466, 467 (1955). "[I]f the injurious character of the spoken statement appears, not on its face as a matter of general acceptance, but only in consequence of extrinsic, explanatory facts showing its injurious effect, such utterance is said to be actionable only per quod, and in such cases the injurious character of the words must be pleaded and proved, and in order to recover there must be allegation and proof of some special damage." Id. at 757, 89 S.E.2d at 467-68 (citing Deese v. Collins, 119 N.C. 749, 133 S.E. 92 (1926)). "It is well settled that false words imputing to a merchant or business man conduct derogatory to his character and standing as a business and tending to prejudice him in his business are actionable … ." Id. at 757, 89 S.E.2d at 468 (citing Broadway v. Cope, 208 N.C. 85, 179 S.E. 452 (1935)). Moreover, "[a]mong statements which are slanderous *per se* are … defamatory statements about a person with respect to his trade or profession … ." Ausley v. Bishop, 133 N.C. App. 210, 214, 515 S.E.2d 72, 75-76 (1999) (quoting Gibby v. Murphy, 73 N.C. App. 128, 131, 325 S.E.2d 673, 675 (1985)). When a statement falls into this category, "a *prima facie* presumption of malice and a conclusive presumption of legal injury and damage arise; [and] allegation and proof of special damages are

9

not required." Id. at 214, 515 S.E.2d at 76 (citing Donovan v. Fiumara, 114 N.C. App. 524, 528, 442 S.E.2d 572, 575 (1994)).

Plaintiff's claims of defamation and slander appear to be based on Plaintiff's allegations that Defendants made false statements that were published on Plaintiff's DAC report. (Doc. No. 1, pp. 5, 17, 18, 20). The Court finds that the Complaint sets forth facts that, if true, demonstrate that Defendants' alleged statements were false, were of and concerning Plaintiff, and were published to a third person. Moreover, Plaintiff also sets forth facts, which if true, show that the statements have prejudiced him in his profession—namely, that prospective employers have read and questioned Plaintiff about the alleged defamatory statements included on reports concerning Plaintiff. (Doc. No. 1, pp. 4, 17). Viewing the Complaint in the light most favorable to Plaintiff, the allegations supporting Plaintiff's claims for defamation and slander appear sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

Additionally, the Court notes that Defendants' argument concerning the absolute privilege afforded to information provided in connection to an OSHA or government investigation is more appropriately raised in a motion for summary judgment. (Doc. No. 4, pp. 5-6). Thus, Defendants' motion to dismiss Plaintiff's defamation and slander claims is DENIED.

### 10. Wrongful Termination

The Court will construe Plaintiff's claim for "wrongful termination" as a claim for "wrongful discharge." Throughout the Complaint, Plaintiff alleges that Defendants wrongfully terminated him. (Doc. No. 1.) To the extent that Plaintiff asserts his claim of wrongful discharge against individual Defendants Moon, Holland, and George, the Court agrees with Defendants that this claim must be dismissed. (Doc. No. 4, p. 8). The North Carolina courts

have held "that an action for wrongful discharge will lie only against an employer, and not against individual employees." Hooper v. North Carolina, 379 F. Supp. 2d 804, 814 (M.D.N.C. 2005) (citing Sides v. Duke Hosp., 74 N.C. App. 331, 343, 328 S.E.2d 818, 826-27 (1985), *disc. review denied*, 314 N.C. 331, 333 S.E.2d 490 (1985)). Accordingly, none of the individual Defendants are subject to individual liability on Plaintiff's wrongful discharge claim. Thus, Defendants' motion to dismiss Plaintiff's wrongful discharge claim against Defendants Moon, Holland, and George is GRANTED.

### 11. Claims against Defendant Scott George

In the Complaint, Plaintiff names George as a defendant based on Plaintiff's allegations of vicarious liability. (Doc. No. 1, p. 6). Plaintiff specifically asserts that "[a]nything that the employee does in the name of TCW Inc. will reflect on the owner." Id. However, the Court notes that "[a]s a general rule an officer of a corporation is not liable for the torts of the corporation 'merely by virtue of his office.'" Taft v. Brinley's Grading Services, Inc., 738 S.E.2d 741, 752 (N.C. Ct. App. 2013) (quoting Wolfe v. Wilmington Shipyard, Inc., 135 N.C. App. 661, 670, 522 S.E.2d 306, 312-13 (1999) (quoting United Artists Records, Inc. v. Eastern Tape Corp., 19 N.C. App. 207, 215, 198 S.E.2d 452, 457 (1973))). While "an officer of a corporation 'can be held personally liable for torts in which he actively participates,'" id. (citing Wolfe at 670, 522 S.E.2d at 312-13 (quoting Wilson v. McLeod Oil Co., 327 N.C. 491, 518, 398 S.E.2d 586, 600 (1990))), the Complaint includes no allegations of wrongdoing by Defendant George aside from Plaintiff's allegation of vicarious liability. Accordingly, because Plaintiff asserts claims against Defendant George based solely on his liability as an officer of TCW, Plaintiff has failed to state a claim upon which relief can be granted. Thus, Defendants' motion to dismiss Defendant George from this lawsuit is GRANTED.

B.  **Motion to Strike**

1.  **Standard of Review**

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is timely if made by a party before responding to the pleading. Fed. R. Civ. P. 12(f)(2). Plaintiff filed his Complaint on July 16, 2014. On August 6, 2014, Defendants filed their Motion to Strike prior to filing their Answer.[2] Therefore, Defendants' motion is timely.

"Although courts have broad discretion in disposing of motions to strike, such motions 'are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted in original); Brown v. Inst. for Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005)).

2.  **Discussion**

In the Motion to Strike, Defendants seek to strike provisions included in Plaintiff's Prayer for Relief. (Doc. No. 3, pp. 2-3). Specifically, Defendants seek to strike portions of Paragraph 1 and all of Paragraphs 2 through 4. (Doc. No. 3, p. 3).

The Court notes that Plaintiff is *pro se* and reads paragraph 1 of Plaintiff's Prayer for Relief as Plaintiff's attempt to request all forms of potential damages. In the absence of the legal counsel, Plaintiff is presumably without the knowledge needed to streamline his request for

---

[2] The Court notes that in response to Defendants' failure to file their Answer in accordance with the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-mc-00047 (Doc. No. 2), the Court issued an Order directing Defendants to file an Answer by September 11, 2014. (Doc. No. 10). Defendants complied with this Order, filing their Answer on September 11, 2014. (Doc. No. 11).

damages. The Court DENIES Defendants' request to strike portions of Paragraph 1 of Plaintiff's Request for Relief but advises Defendants that this matter may be addressed again in a motion for summary judgment.

With respect to Defendants' Motion to Strike Paragraphs 2 through 4 of Plaintiff's Prayer for Relief, the Court GRANTS the Motion on the ground that Plaintiff seeks relief that is not available for the viable causes of action that he has asserted.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. No. 3) is GRANTED in part and DENIED in part. Specifically, with respect to Plaintiff's claims for negligent hiring, harassment, whistleblowing, retaliation, right to earn a fair wage, abuse of authority, outrageous conduct, Labor-Relations Act, verbal abuse, mental abuse, malicious act, Occupational Safety and Health Act, Labor-Management Relations Act, legal negligence, and legal malpractice, the Motion to Dismiss is GRANTED and those claims are DISMISSED. With respect to Plaintiff's claims for gross negligence, defamation, and slander, the Motion to Dismiss is DENIED. Additionally, both Defendants' motion to dismiss Plaintiff's wrongful discharge claim against Defendants Moon, Holland, and George and Defendants' motion to dismiss Defendant George from this lawsuit are GRANTED.

With respect to Defendants' Motion to Strike (Doc. No. 3), the Motion is GRANTED in part and DENIED in part. Specifically, the Motion to Strike is DENIED with respect to Defendants' request to strike portions of Paragraph 1 of Plaintiff's Prayer for Relief, and the Motion to Strike is GRANTED with respect to Defendants' request to strike the entirety of Paragraphs 2, 3, and 4 of Plaintiff's Prayer for Relief.

**IT IS SO ORDERED.**

Signed: September 18, 2014

Frank D. Whitney
Chief United States District Judge